UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BILLY PIERCE,

        Plaintiff,

v.

PASSAIC CTY SHERIFF'S DEPT., et al.,

        Defendants.

Civil No. 08-4913 (KSH)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. Plaintiff, a prisoner confined at Passaic County Jail, submitted to the Clerk for filing a pro se complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2. In the complaint, plaintiff asserts violation of his constitutional rights by Passaic County Sheriff's Department; Sgt. Conature, a corrections officer at the Passaic County Jail; Dr. Wabba, a physician at the jail; and Karim Hunter, another inmate at the jail. Plaintiff's statement of claim reads as follows:

> 1) Sgt. Conature he went to medical clear me; 2) Dr. Wabba approved; 3) Karim Hunter broke my hand in a fight after I was put in 3-5 dorm on Aug. 26, 2008. I went to court 9-3-08 (Wednesday) and didn't get my hand fixed until the 8th of Sept. 2008. 4) Sgt. Carter stop an inmate from trying to fight me in the medical ward 2T4 that's how I went to the basement. Since then I've been in another fight that been from the month's June to August 2008. When my hand was broken I did come to 2T4 medical ward for 2 days. And put back up stairs in 3 main which is called the jungle and put in 3 main 3-2 dorm where I stayed injured for a week and a half before I receive my cast on Sept. 8th, 2008.

(Compl. ¶ 6 Statement of Claims.)

3.  The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

4.  While incarcerated, Plaintiff has had at least three prior civil actions dismissed by this Court on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  See Pierce v. Aturi, Docket No. 08-1018 (SDW) order (D.N.J. Aug. 19, 2008); Pierce v. Wabba, Docket No. 08-2366 (WJM) order (D.N.J. Dec. 1, 2008); Pierce v. Kaplan, Docket No. 08-3461 (WJM) order (D.N.J. Nov. 10, 2008).

5.  The facts asserted in the instant Complaint do not show that Plaintiff is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

6.  Based on the foregoing, this Court will deny Plaintiff's application to proceed in forma pauperis and administratively terminate this matter, without prejudice to Plaintiff's filing the Complaint as a paid complaint within 30 days of the date of the Order accompanying this Memorandum Opinion.

/s/ Katharine S. Hayden

**KATHARINE S. HAYDEN, U.S.D.J.**